[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11574
_____

D.C. Docket No. 1:12-cv-22724-JAL


MAIDEN SPECIALITY INSURANCE COMPANY,

                                        Plaintiff - Counter Defendant
                                        Appellant
                                        Cross Appellee,

versus

THREE CHEFS AND A CHICKEN, INC.,
a Florida profit corporation,
RUDYARD A. MCDONNOUGH,
an individual,
RUDYARD MCDONNOUGH, JR.,
an individual,
RICHARD MCDONNOUGH,
an individual,

                                        Defendants - Counter Claimants -
                                        Appellees
                                        Cross Appellants,

CHICKEN KITCHEN USA, LLC,
a Florida profit corporation,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 28, 2015)

Before MARCUS and WILSON, Circuit Judges, and SCHLESINGER,[*] District
Judge.

PER CURIAM:

Maiden Specialty Insurance Company (Maiden) filed a declaratory action in

the district court seeking to disclaim coverage under a general commercial liability

policy (Policy) issued by Maiden to Three Chefs and a Chicken, Inc. (Three

Chefs), for an underlying trade dress infringement action filed against Three Chefs.

In an omnibus order, the district court denied Maiden's motion to amend its

complaint, filed after the scheduling order deadline, and granted summary

judgment in favor of Three Chefs. In a separate order, it also granted Three

Chefs's subsequent motion for attorney's fees. Maiden appeals the denial of its

motion to amend, the grant of summary judgment, and the award of attorney's

fees. Three Chefs cross-appeals the amount of attorney's fees awarded to it.

---

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

We review a denial of a motion to amend for abuse of discretion. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). Likewise, we review attorney's fees grants, including the amount, for abuse of discretion. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304–05 (11th Cir. 2001). After consideration of the parties' arguments and review of the district court's thorough reasoning, we cannot say that the district court abused its discretion in denying the motion to amend, in granting attorney's fees, or in setting the attorney's fees award amount.

We review the grant of summary judgment de novo. *See Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014). Because our precedent mandates coverage here, *see Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1188–89 (11th Cir. 2002), and because Maiden admitted during discovery that the Policy provided coverage for the trade dress infringement action, summary judgment was properly granted.

**AFFIRMED.**

3